IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Kathy Johns, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 3357 |
| LTD Financial Services, LP, a Texas limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Kathy Johns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Mary Kathy Johns ("Johns"), is a citizen of the State of Oklahoma, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Bank of America account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LTD Financial Services, LP ("LTD"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LTD operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LTD was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant LTD is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant LTD is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Johns is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Bank of America. When LTD began trying to collect this debt from Ms. Johns, by sending her collection letters, dated October 7, 2015, November 11, 2015, and November 27, 2015, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and LTD's collection actions. Copies of these letters are attached as Group Exhibit C.

8. Accordingly, on December 17, 2015, one of Ms. Johns' attorneys at LASPD informed LTD, in writing, that Ms. Johns was represented by counsel, and directed LTD to cease contacting her, and to cease all further collection activities because Ms. Johns was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant LTD repeatedly called Ms. Johns, including, but not limited to, calls on December 29, 2015, January 19, 2016, January 27, 2016 and February 9, 2016, regarding collection of the Bank of America debt. Moreover, Defendant LTD sent a collection letter, dated February 25, 2016, directly to Ms. Johns. A copy of this letter is attached as Exhibit E.

10. Accordingly, on February 29, 2016 one of Ms. Johns' LASPD attorneys had to write to Defendant LTD to yet again demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit F.

11. Defendant LTD's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant LTD's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

3

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Johns' agent/attorney, LASPD, told Defendant LTD to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding collection of this debt, Defendant LTD violated § 1692c(c) of the FDCPA.

16. Defendant LTD's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-13.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19. Defendant LTD knew that Ms. Johns was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant LTD to cease directly communicating with her.  By directly calling and writing Ms. Johns, despite being advised that she was represented by counsel, Defendant LTD violated §

1692c(a)(2) of the FDCPA.

20. Defendant LTD's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Kathy Johns, prays that this Court:

1. Find that Defendant LTD's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Johns, and against Defendant LTD, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Kathy Johns, demands trial by jury.

    Mary Kathy Johns,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: March 16, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5